IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| 21ST CENTURY INSURANCE & FINANCIAL SERVICES, INC., and 21ST CENTURY SECURITY INSURANCE COMPANY, § § § § § Plaintiffs, § v. § § TEXAS SPECIALTY RISK PROGRAMS, § INC., § § Defendant. § | CIVIL ACTION NO. 3:10-CV-2076-M |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Motion to Join Third-Party Defendants [Docket Entry #32], Plaintiffs' Motion to Strike Defendant's Original Counterclaim and Third-Party Action [Docket Entry #34], and Defendant's Motion to Amend Counterclaim [Docket Entry #46]. For the reasons stated below, Plaintiffs' Motion to Strike Defendant's Original Counterclaim and Third-Party Action is **GRANTED**, and the Defendant's Motions to Join Third-Party Defendants and to Amend are **DENIED** as moot.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

As an agent of 21st Century Insurance & Financial Services, Inc. and 21st Century Security Insurance Company (collectively "21st Century"), Texas Specialty Risk Programs ("TSRP") received commissions for the sale or renewal of customers' insurance policies with 21st Century. On or about October 30, 2009, the parties agreed that TSRP would no longer act as an agent of 21st Century. 21st Century alleges that TSRP cancelled certain of its insurance

policies, and refused to return commissions it had been paid, but to which it was no longer entitled, from those cancelled policies.

On October 14, 2010, 21st Century filed this action against TSRP, alleging breach of contract and unjust enrichment. TSRP filed an Amended Answer on February 3, 2011.

On March 10, 2011, TSRP filed its Motion to Join Third-Party Defendants, those being companies owned by or related to 21st Century, as well as certain employees and prior employees of 21st Century, allegedly because they acted in concert with each other or on each other's behalves. Without leave, TSRP also separately filed its Original Counterclaim and Third-Party Action.

On March 24, 2011, 21st Century moved to strike TSRP's Original Counterclaim and Third-Party Action, arguing that a counterclaim must be stated as part of another pleading; and that the assertion of counterclaims and third-party actions required leave of court.

On April 7, 2011, the Court entered its Scheduling Order, which stated that unless parties are joined by amendment, they must be joined by motion filed by May 16, 2011. The parties were granted the right to amend their pleadings, without leave, by June 1, 2011.

On April 14, 2011, Plaintiffs responded to TSRP's Motion to Join Third-Party Defendants, arguing, in part, that TSRP did not allege that the third-party defendants were liable for Plaintiffs' claims against TSRP, and that the claims were thus improper as third-party actions under Rule 14.

On May 6, 2011, TSRP moved to amend its Original Counterclaim to add additional allegations against the "third-party defendants."

## II.     ANALYSIS

Counterclaims under Rule 13 must be made in a pleading,[1] and amendments to such pleadings to add omitted counterclaims are governed by Rule 15.[2]  Under Rule 15, a party may amend its pleading, without leave, within 21 days after serving it or within 21 days of service of a responsive pleading.  Otherwise, parties may amend their pleadings with the opposing party's consent or the Court's leave.[3]  Rules 19 and 20 govern joinder of additional parties through counterclaims.[4]

Under Rule 14, impleader or third-party practice is the procedure by which a defendant can bring in as a third-party defendant one alleged to be liable for all or part of the claims against a defendant.[5]  Here, a proper third-party defendant would be one who is liable for the claims brought by 21st Century against TSRP.  However, as Plaintiffs argue, TSRP alleges separate claims against the persons it denominates as "third-party defendants" and does not allege that those parties are liable for the claims brought against TSRP.  These claims are more properly characterized as "counterclaims," which are to be analyzed under Rule 13.

TSRP should have sought leave to amend its pleadings to add counterclaims against those it calls "third-party defendants."  The 21 day period to amend TSRP's answer has passed, and therefore, absent the Scheduling Order, TSRP could not amend its answer to add the counterclaims without seeking leave of Court.  Now, however, the Scheduling Order is in effect, and it allows amendment of pleadings, without leave, by June 1, 2011.  Therefore, TSRP's

---

[1] Fed. R. Civ. P. 13(a)(1).
[2] Fed. R. Civ. P. 13, cmt. 2009 Amendment ("An amendment to add a counterclaim will be governed by Rule 15.").
[3] Fed. R. Civ. P. 15(a).
[4] Fed. R. Civ. P. 13(h).
[5] Fed. R. Civ. P. 14; 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1446 (3d ed. 2010) ("If the claim is separate or independent from the main action, impleader will be denied.  The claim against the third-party defendant must be based upon plaintiff's claim against defendant.").

Original Counterclaim should be stricken, because a counterclaim must be asserted as an amendment to its pleadings; however, TSRP may amend its answer, without leave, before June 1, to assert counterclaims and to join additional parties as counter-defendants.

### III.     CONCLUSION

TSRP may amend its answer to seek to join such counter-defendants pursuant to Rule 13 and in accordance with the Scheduling Order. If TSRP seeks to join third parties, to share in the liability of the claims asserted by Plaintiff against it, then it may do so pursuant to Rule 14, and in accordance with the Scheduling Order. For that reason, Defendant's Motions are moot.

The Court does not opine on the propriety of any joinder that the Defendant may seek to effectuate. If Plaintiffs consider such joinder(s) improper, they may reassert such arguments.

**SO ORDERED.**

May 13, 2011.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**